UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:16-cv-20047-SLD-EIL-2 |
| ) | |
| MICHAEL LEE DANIELS, ) | |
| ) | |
| Defendant. ) | |

ORDER

Before the Court are Defendant Michael Lee Daniels's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, ECF No. 56; Supplemental Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence ("Supplemental Motion"), ECF No. 65; and Second Supplemental Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence ("Second Supplemental Motion"), ECF No. 69.  For the reasons that follow, the *pro se* motion is WITHDRAWN, the Supplemental Motion is MOOT, and the Second Supplemental Motion is GRANTED.

BACKGROUND

Daniels was indicted on one count of conspiracy to distribute fifty or more grams of methamphetamine under 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846 and one count of possession of five or more grams of methamphetamine with intent to distribute under 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii).  Indictment 1–3, 4, ECF No. 1.  Attorney David Rumley was appointed to represent him.  *See* June 17, 2016 Min. Entry.  The Government filed an information under 21 U.S.C. § 851 notifying Daniels and the Court that it intended to rely on one prior felony drug conviction at sentencing—though Daniels had four—meaning that Daniels

1

would be subject to a mandatory minimum term of imprisonment of twenty years.[1] *See* Information, ECF No. 29; 21 U.S.C. § 841(b)(1)(A) (effective Aug. 3, 2010 to Dec. 20, 2018) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . ."). Daniels then pleaded guilty to the two counts against him pursuant to a plea agreement. *See* Oct. 13, 2016 Min. Entry; R. & R. Concerning Plea of Guilty, ECF No. 33 (recommendation from the magistrate judge that the district judge accept Daniels's plea); Order Approving Magistrate Judge Recommendation, ECF No. 36. The plea agreement listed the potential penalties Daniels faced as a mandatory minimum of twenty years to a maximum term of life imprisonment, a maximum $20,000,000 fine, and a mandatory minimum term of ten years of supervised release. Plea Agreement ¶ 13, ECF No. 30. And at the change of plea hearing, the magistrate judge advised Daniels that his charge "c[a]me[] with a mandatory minimum term of imprisonment of 20 years to a maximum term of life." Change of Plea Hr'g Tr. 17:3–9, ECF No. 58; *id.* at 17:16–19 ("So in this case, since you're going to be pleading guilty . . . you're looking at a mandatory minimum term of imprisonment of 20 years to a maximum term of life imprisonment.").

In preparation for sentencing, the district judge presiding over Daniels's case ordered a presentence investigation report ("PSR"). Order Approving Magistrate Judge Recommendation 1. Unlike the plea agreement, plea colloquy, and information, the initial PSR listed the potential penalties Daniels faced as including mandatory life imprisonment. Initial PSR ¶ 89, ECF No. 38. A revised PSR filed in February 2017 also stated that Defendant was subject to mandatory life

---

[1] The Court refers to the penalties for the conspiracy charge only because the sentences were run concurrently. *See* Judgment 2, ECF No. 48.

imprisonment. Revised PSR ¶ 89, ECF No. 41.[2] Daniels's attorney did not object to this statement in the PSRs. *See* Addendum to Revised PSR, ECF No. 41 at 24; Sentencing Hr'g Tr. 3:7–10, ECF No. 59 ("THE COURT: The presentence report notes that there are no objections to the revised presentence report. MR. RUMLEY: That's correct."). The revised PSR calculated Daniels's offense level as 34, Revised PSR ¶ 32, and his criminal history category as VI, *id.* ¶ 52. The Sentencing Guidelines range would have been 262 to 327 months of imprisonment but became life because of the mandatory minimum life imprisonment. *Id.* ¶ 90.

At the sentencing hearing, the district judge stated that Daniels was subject to mandatory life imprisonment and at least ten years of supervised release. Sentencing Hr'g Tr. 7:23–8:2, 8:16–20. The Government moved for a departure below the statutory mandatory minimum pursuant to 18 U.S.C. § 3553(e) and for a departure from the Sentencing Guidelines range pursuant to § 5K1.1 of the Sentencing Guidelines. *See* Sentencing Hr'g Tr. 9:16–23. It asked for a thirty percent reduction, which it explained was equal to a three-level downward departure. *Id.* at 12:18–13:11. It recommended a sentence of 292 months of imprisonment, which was the bottom of the Sentencing Guidelines range resulting from a three-level reduction in offense level. *See id.* at 13:8–17.[3] The district judge granted the Government's motions and sentenced Daniels to 292 months of imprisonment. *Id.* at 34:21–25, 41:6–9. Daniels did not appeal.

In June 2020, more than three years after he was sentenced, Daniels filed his *pro se* motion under 28 U.S.C. § 2255. Pro Se Mot. 11.[4] He argued that the district judge who sentenced him was biased because the judge had *ex parte* communications with the Government

---

[2] After sentencing, another revised PSR was filed correcting an immaterial typo. *See* Second Revised PSR ¶ 52, ECF No. 44.
[3] The Government treated levels 37 to 42 as one level because they all dictated a range of 360 months to life based on Daniels's criminal history category. *See* Sentencing Hr'g Tr. 13:11–13.
[4] The *pro se* motion is not consistently paginated, so the Court uses the page numbers generated by CM/ECF.

and that the judge erroneously failed to recuse himself. *Id.* at 4–5. After that judge recused himself from hearing Daniels's motion, the matter was reassigned to this Court. June 11, 2020 Text Order. The Court appointed counsel to represent Daniels with respect to the motion, *see, e.g.*, Oct. 26, 2020 Text Order, and counsel filed the Supplemental Motion on Daniels's behalf. In the Supplemental Motion, Daniels withdrew the claims asserted in the *pro se* motion, Supplemental Mot. ¶ 8, and asserted a new claim of ineffective assistance of counsel based on counsel's failure to object to the revised PSR's statement and the judge's statement that he was subject to mandatory life imprisonment, *id.* ¶¶ 3–6. Daniels also acknowledged that his motion was untimely filed but noted his understanding that the Government would waive the statute of limitations defense. *Id.* ¶ 7.

The Government filed a response agreeing that Daniels "could establish that [he] received ineffective assistance of counsel at sentencing." Resp. Supplemental Mot. 2, ECF No. 66. It also agreed that "any . . . motion [raising] those grounds filed under Section 2255 would be untimely" and added that such a motion would "possibly [be] subject to other procedural defenses." *Id.* However, it noted that it would "waive its procedural defenses" if the Court accepted a resentencing agreement. *See id.* The Court held a hearing on August 25, 2021 to discuss procedural concerns about the Government's requested course of action. *See* Aug. 25, 2021 Min. Entry; July 16, 2021 Text Order. The Court denied the Government's request that the Court accept a resentencing agreement before ruling on Daniels's Supplemental Motion. *See* Aug. 25, 2021 Min. Entry.

Subsequently, Daniels filed the Second Supplemental Motion raising the same ineffective assistance of counsel claim and also arguing that the Court should apply equitable tolling to

4

excuse the untimeliness of the motion. *See* Second Supplemental Mot. 1–5.[5] While the Government initially argued that the Court should dismiss the motion as untimely, Resp. Second Supplemental Mot. 1, ECF No. 71, it later notified the Court that it was withdrawing its procedural defenses, Withdrawal of Procedural Defenses 1, ECF No. 72. Thus, the Court considers the Second Supplemental Motion on the merits.

## DISCUSSION

### I.     Legal Standard

A prisoner in federal custody may move the court that imposed his sentence to vacate, set aside, or correct it. 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Accordingly, such relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255(a)).

The Sixth Amendment guarantees criminal defendants the right to the effective assistance of counsel. U.S. Const. amend. VI. Claims of ineffective assistance of counsel are subject to the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). This test requires a petitioner to show that his counsel's performance "fell below an objective standard of reasonableness" and that he suffered prejudice as a result. *Id.* at 688, 692. To demonstrate

---

[5] The Second Supplemental Motion also complains that the district judge, prosecutor, and probation officer all erred as well, but fails to develop any supported legal argument that these are cognizable claims on habeas review. *See* Second Supplemental Mot. 2–3.

prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

## II.   Analysis

The Court agrees with the parties that Daniels can establish a claim of ineffective assistance of counsel. The Government explicitly represented in the information filed pursuant to 21 U.S.C. § 851 that it was relying on only one prior felony drug conviction, and this information was never amended. *See* 21 U.S.C. § 851(a)(1) ("No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon."). And Daniels was advised at his plea colloquy only that he was subject to a mandatory minimum twenty years of imprisonment. A reasonable attorney would have objected to the revised PSR and the judge's statement at sentencing that Daniels was subject to mandatory life imprisonment. Not only was § 851(a)(1) apparently violated, but the plea agreement was also violated, and the district judge imposed a mandatory minimum different than the mandatory minimum Daniels was advised of at the plea colloquy, *cf.* Fed. R. Crim. P. 11(b)(1)(I) ("Before the court accepts a plea of guilty or nolo contendere, . . . . the court must inform the defendant of, and determine that the defendant understands . . . any mandatory minimum penalty. . . ."). The Court can conceive of no strategic reason for counsel's failure to object.

Moreover, Daniels can show prejudice. He "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. If counsel had objected and the judge would have adhered to the twenty-year mandatory minimum, Daniels's Sentencing Guidelines range for

6

imprisonment would have been 262 to 327 months based on an offense level of 34 and a criminal history category of VI.  *See* Revised PSR ¶ 90.  Based on this Sentencing Guidelines range and the reduction sought by the Government, it is reasonably probable that the judge would have sentenced Daniels to less than his current sentence of 292 months of imprisonment.

## CONCLUSION

Accordingly, Defendant Michael Daniels' Second Supplemental Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. 69, is GRANTED.  His Supplemental Motion Under § 2255, Set Aside, or Correct Sentence, ECF No. 65, is MOOT, based on the filing of the Second Supplemental Motion, and his *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, ECF No. 56, is WITHDRAWN.  Daniels's sentence is VACATED. The Clerk is directed to enter judgment on the § 2255 proceeding and close the accompanying civil case, No. 2:20-cv-2164.  Attorney Schierer remains appointed to represent Daniels for resentencing.  The case is set for a status conference on May 23, 2022 at 9:30 AM by video. Instructions for accessing the Court's videoconferencing system are attached in a separate entry.

Entered this 10th day of May, 2022.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE

7